1
2
3
4
5
6              **UNITED STATES DISTRICT COURT**
7                     **DISTRICT OF NEVADA**
8
9   TYRONE DOCK,

          *Petitioner*,                          3:11-cv-00103-HDM-RAM
10
    vs.
11                                                ORDER

12  ROBERT LEGRAND, *et al.*,

13        *Respondents*.

14

15      This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's
16  application (#1) to proceed *in forma pauperis* and for initial review under Rule 4 of the Rules
17  Governing Section 2254 Cases.

18      It appears from review of the financial materials presented that petitioner is unable to
19  pay the filing fee.  The pauper application therefore will be granted.

20      Following initial review, it appears that the petition may be subject to dismissal with
21  prejudice as time-barred for failure to file the petition within the one-year limitation period in
22  28 U.S.C. § 2244(d)(1).  Petitioner therefore will be directed to show cause in writing why the
23  petition should not be dismissed as time-barred.

24                              ***Background***

25      Petitioner Tyrone Dock challenges his Nevada state conviction, pursuant to an *Alford*
26  plea, of attempted sexual assault on a minor under the age of 16.  The judgment of conviction
27  was filed on May 15, 2008.  Petitioner did not file a direct appeal, and the thirty-day time
28  period for doing so expired on Monday, June 16, 2008.

1    On or about March 19, 2009, 307 days later, petitioner filed a state post-conviction

2  petition.  The state district court denied relief, and the state supreme court affirmed on appeal

3  on March 10, 2010.  Pursuant to Nevada state practice, the remittitur would have issued on

4  or about April 6, 2010.

5    On or about February 9, 2011, 308 days later, petitioner mailed the federal petition to

6  the Clerk of this Court for filing.

### *Discussion*

8    Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* raises

9  the question of whether the petition is time-barred for failure to file the petition within the one-

10  year limitation period in 28 U.S.C. § 2244(d)(1).

11    Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless

12  otherwise tolled, begins running after "the date on which the judgment became final by the

13  conclusion of direct review or the expiration of the time for seeking such direct review."  In the

14  present case, the limitation period, unless tolled or subject to a different starting date on some

15  other basis, thus began running on the face of the present record after the expiration of the

16  time period for filing a direct appeal, *i.e.,* after June 16, 2008.  Absent tolling, the one-year

17  limitation period would expire one year later, on June 16, 2009.

18    Under 28 U.S.C. § 2244(d)(2), the federal one-year limitation period is statutorily tolled

19  during the pendency of a properly filed application for state post-conviction relief.  Petitioner's

20  state post-conviction proceedings were filed on or about March 19, 2009, after 307 days of

21  the federal limitation period had elapsed.  The state proceedings remained pending until on

22  or about April 6, 2010.

23    Absent tolling, the federal limitation period would expire 58 days later, on June 3, 2010.

24    Petitioner did not mail the federal petition for filing until February 9, 2011, eight months

25  and six days after the federal limitation period, absent further tolling, had expired.

26    The petition accordingly is time-barred on the face of the record currently presented.

27  Petitioner therefore must show cause in writing why the petition should not be dismissed with

28  prejudice as time-barred.

1    In this regard, petitioner is informed that the one-year limitation period may be equitably

2  tolled.  Equitable tolling is appropriate only if the petitioner can show "'(1) that he has been

3  pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'

4  and prevented timely filing."  *Lawrence v. Florida*, 549 U.S.327, 336, 127 S.Ct. 1079, 1085,

5  166 L.Ed.2d 924 (2007)(quoting prior authority).  Equitable tolling is "unavailable in most

6  cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to

7  trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*,

8  292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010

9  (7th Cir.2000)).  The petitioner ultimately has the burden of proof on this "extraordinary

10  exclusion."  292 F.3d at 1065.  He accordingly must demonstrate a causal relationship

11  between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*,

12  345 F.3d 796, 799 (9th Cir. 2003).  *Accord Bryant v. Arizona Attorney General*, 499 F.3d

13  1056, 1061 (9th Cir. 2007).

14    Petitioner also is informed that, under certain circumstances, the one-year limitation

15  period may begin running on a later date or may be statutorily tolled.  See 28 U.S.C. §

16  2244(d)(1)(B), (C) & (D) & (d)(2).

17    IT THEREFORE IS ORDERED that petitioner's application (#1) to proceed *in forma*

18  *pauperis* is GRANTED and that petitioner shall not be required to pay the $5.00 filing fee.

19    IT FURTHER IS ORDERED that the Clerk shall file the petition and accompanying

20  motion for appointment of counsel but shall withhold service at this time.[1]

21    IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, petitioner

22  shall SHOW CAUSE in writing why the petition should not be dismissed with prejudice as

23  time-barred.  If petitioner does not timely respond to this order, the petition will be dismissed

24  with prejudice as time-barred without further advance notice.  If he responds but fails to show

25  with competent evidence that the petition is timely, the action will be dismissed with prejudice.

26

27    [1] The filing of the petition does not signify that either the petition or the claims therein otherwise are
free of deficiencies.  The Court defers consideration of any deficiencies in the papers presented until after a
28  determination in the first instance as to whether the petition is timely.

1    IT FURTHER IS ORDERED that all assertions of fact made by petitioner must be

2 detailed, must be specific as to time and place, and must be supported by competent

3 evidence.  The Court will not consider any assertions of fact that are not made pursuant to

4 a declaration under penalty of perjury based upon personal knowledge or that are not

5 supported by specific competent evidence filed by petitioner in the record in this Court.

6    IT FURTHER IS ORDERED that petitioner shall attach with his response a copy of his

7 state post-conviction petition and the remittitur issued by the Supreme Court of Nevada on

8 his state post-conviction appeal.

9    The Court will hold the motion for counsel under submission pending petitioner's

10 response to this show cause order.  The Court does not find that the interests of justice

11 require the appointment of counsel prior to petitioner's response to the show cause order.

12    DATED: April 13, 2011.

13

14

15    Howard D. McKibben
   _____

16    HOWARD D. MCKIBBEN
   United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28